2000 OK CIV APP 54

**Larry Dean METCALF, Petitioner**

v.

**SPECIAL INDEMNITY FUND, and The Workers' Compensation Court, Respondents**

**No. 93041.**

Court of Civil Appeals of Oklahoma, Division No. 4.

March 21, 2000.

---

22. *Baker, supra* note 17, 369 U.S. at 204, 82 S.Ct. at 703.

23. By *"extracameral* consequences" I mean that effect of an assembly's work which reaches beyond the four walls of a legislative chamber. For the definition of "cameral" see *Webster's, supra* note 8. The term "extra" means "outside" or "beyond." *Id.* at 806.

William J. Anton Tulsa, Oklahoma, For Petitioner.

Georgiana Peterson, Gregory J. Crawford, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, Oklahoma, For Respondents.

GOODMAN, C.J.

¶ 1 This is a proceeding to review an order of the Workers' Compensation Court declaring the claimant to be permanently and totally disabled as a result of the combination of his latest injury and his pre-existing adjudicated injuries. The claimant had entered a joint petition settlement of his last injury. The trial court entered an order against the Special Indemnity Fund, and ordered the Fund to commence its weekly payments 244 weeks after the date of the joint petition settlement. The claimant seeks our review.

Based upon our review of the record and applicable law, we sustain the order.

I

¶ 2 Claimant Larry Dean Metcalf suffered compensable injuries April 5, 1996, and entered a joint petition settlement of 45.5 percent permanent partial disability May 3, 1998. At the time of the latest injuries, the claimant was a previously impaired person. His pre-existing injuries had been adjudicated as follows:

> January 12, 1988—30 percent body as a whole for injuries to the back and neck;
>
> March 6, 1991—10.2 percent body as a whole for injuries to the back and legs;
>
> July 9, 1992—7 percent material increase against the Special Indemnity Fund;
>
> April 30, 1993—11.25 percent body as a whole for injuries to the neck, back and shoulders; and
>
> April 28, 1994—5 percent material increase against the Special Indemnity Fund.

¶ 3 The claimant then sought compensation from the Special Indemnity Fund alleging that he had sustained permanent total disability as a result of the combination of his latest injury with his previously adjudicated injuries. The Fund stipulated to the extent of the claimant's disability, but argued that pursuant to 85 O.S. Supp.1998, § 172(B) and (E), "the claimant's benefits would commence from the date of temporary total disability paid on the underlying case which date was May 3, 1998 and 244 weeks would run from that date." Subsections (B) and (E) state:

> B. If such combined disabilities constitute permanent total disability, as now defined by the Workers' Compensation Act, then the employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury. In addition, the employee shall receive full compensation for his combined disability, as above defined, all of which

shall be computed upon the schedule and provisions of the Workers' Compensation Act. The employer shall be liable only for the degree of percent of disability which would have resulted from the latter injury if there had been no preexisting impairment. *After payments by the employer or his insurance carrier have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund* provided for in Section 173 of this title, in periodic installments. . . .

. . . .

E.  *All weekly payments for permanent partial disability shall be paid before any claim for benefits against the Special Indemnity Fund may be paid.* In the case of a lump_sum permanent partial disability award or settlement, such award or settlement shall be divided by seventy percent (70%) of the employee's weekly wage up to a maximum of fifty percent (50%) of the state's average weekly wage, to determine the number of weeks which must elapse before a claim against the Special Indemnity Fund may be paid. (Emphasis added.)

¶ 4 In an order filed April 21, 1999, the trial court found the claimant to be permanently and totally disabled, and awarded him benefits against the Fund. The court held that 244 weeks must elapse from the May 3,1998, date of the joint petition before the Special Indemnity Fund begins weekly payments to the claimant, less an attorney's fee. The court established the amount and duration of the award, and found that $16,400 was a reasonable attorney's fee. The claimant seeks our review.

## II

¶ 5 The claimant contends the trial court erred in relying upon inapplicable legal authority and in finding "the benefits shall not accrue until the waiting period has elapsed." We disagree.

¶ 6 First, nowhere in the order under review did the trial court refer to *Special Indemnity Fund v. Virginia Lee Woods*, No. 90,408, a Court of Civil Appeals opinion which the Oklahoma Supreme Court ordered withdrawn from publication when the court denied a petition for a writ of certiorari. Second, nowhere in the order did the trial court make a finding regarding accrual of the claimant's benefits. The subject of accrual was not an issue before the court. The court simply determined that, pursuant to § 172, 70 percent of the lump-sum permanent partial disability award the claimant received from his Joint Petition Settlement calculates to a 244-week period which must elapse before the Fund may begin making its weekly payments for a period of 5 years or until the claimant turns 65, whichever is longer. The claimant has not designated the Joint Petition Settlement as part of the appellate record, therefore we do not know the amount of such settlement in order to verify the trial court's calculation. Third, the claimant does not challenge the May 3, 1998, date which triggers the lapse period. We find the claimant's first proposition of error is without merit.

## III

¶ 7 The claimant also alleges the trial court erred in calculating the number of weeks which must elapse before the Fund may begin payment of the award. He argues it was error to use the gross amount of the award, rather than the net amount remaining after payment of all expenses, fees, and costs. We disagree.

¶ 8 Section 172 clearly states that "[i]n the case of a lump-sum partial disability award *or settlement, such award or settlement shall be divided.* . . ." (Emphasis added.) The Fund correctly concludes that the "statute makes no mention of division of the award or settlement amount based on anything other than the gross amount of the settlement." Had the Legislature intended that the net amount (after deduction of fees and taxes) be used, the statute would have so indicated. We agree, and find the claimant's second proposition of error is without merit.

## IV

¶ 9 We find the claimant has failed to prove the trial court erred as a matter of law.

We hold the order under review is supported by competent evidence and the law.

¶10 SUSTAINED.

¶11 STUBBLEFIELD, J., and REIF, J., concur.